AO 248 (Rev. 08/20) ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A)

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/16/2021

UNITED STATES OF AMERICA

Case No. 1:17-cr-290

v.

ORDER ON MOTION FOR
SENTENCE REDUCTION UNDER
18 U.S.C. § 3582(c)(1)(A)

ELVIN MALDONADO

(COMPASSIONATE RELEASE)

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☐ GRANTED

    ☐ The defendant's previously imposed sentence of imprisonment of _____ is reduced to _____. If this sentence is less than the amount of time the defendant already served, the sentence is reduced to a time served; or

    ☐ Time served.

If the defendant's sentence is reduced to time served:

        ☐ This order is stayed for up to fourteen days, for the verification of the defendant's residence and/or establishment of a release plan, to make appropriate travel arrangements, and to ensure the defendant's safe release. The defendant shall be released as soon as a residence is verified, a release plan is established, appropriate travel arrangements are made,

and it is safe for the defendant to travel. There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, the parties shall immediately notify the court and show cause why the stay should be extended; or

☐ There being a verified residence and an appropriate release plan in place, this order is stayed for up to fourteen days to make appropriate travel arrangements and to ensure the defendant's safe release. The defendant shall be released as soon as appropriate travel arrangements are made and it is safe for the defendant to travel. There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, then the parties shall immediately notify the court and show cause why the stay should be extended.

☐ The defendant must provide the complete address where the defendant will reside upon release to the probation office in the district where they will be released because it was not included in the motion for sentence reduction.

☐ Under 18 U.S.C. § 3582(c)(1)(A), the defendant is ordered to serve a "special term" of ☐ probation or ☐ supervised release of _____ months (not to exceed the unserved portion of the original term of imprisonment).

    ☐ The defendant's previously imposed conditions of supervised release apply to the "special term" of supervision; or

    ☐ The conditions of the "special term" of supervision are as follows:

☐ The defendant's previously imposed conditions of supervised release are unchanged.

☐ The defendant's previously imposed conditions of supervised release are modified as follows:

☐ DEFERRED pending supplemental briefing and/or a hearing. The court DIRECTS the United States Attorney to file a response on or before          , along with all Bureau of Prisons records (medical, institutional, administrative) relevant to this motion.

☒ DENIED after complete review of the motion on the merits.

☒ FACTORS CONSIDERED (Optional)

The Court has considered Mr. Maldonado's application and supporting materials, Dkt. Nos. 645 and 646, as well as the materials presented to the Court in connection with his sentencing. The Court recognizes that the "First Step Act freed district courts to consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring before them in motions for compassionate release." United States v. Brooker, 976 F.3d 228, 237 (2d Cir. 2020). The Court does not conclude that Mr. Maldonado has shown extraordinary and compelling circumstances in support of his application for his compassionate release. Mr. Maldonado has fortunately already successfully recovered from infection with COVID-19. He is relatively young, having been born in 1986. He suffers from a pre-existing condition that may increase the risk of COVID-19. However, given Mr. Maldonado's successful recovery from COVID-19 notwithstanding that condition, and his relative youth, the Court does not conclude that he has shown the existence of extraordinary and compelling circumstances for release. The Court also

3

notes the on-going vaccination program by the Bureau of Prisons, which will permit Mr. Maldonado to further mitigate any incremental risk to him from the virus.

Assuming, without holding, that Mr. Maldonado's health conditions, combined with the circumstances at the facility in which he is incarcerated were sufficient to permit the Court to conclude that extraordinary and compelling circumstances that might support a modification of his sentence exist in this case, after evaluating the factors set forth in 18 U.S.C. § 3553(a), the Court does not believe that a modification of Mr. Maldonado's sentence is appropriate at this time. The Court need not review again here its assessment of all of the 3553(a) factors at the time of sentencing. However, the Court notes that the sentence imposed on Mr. Maldonado was a downward variance from the guidelines sentence. Mr. Maldonado was the supplier of narcotics to a drug trafficking organization. Sentencing Transcript, Dkt. No. 565 ("Tr."), at 21:9-13. He engaged in a very serious offense. The Court expressed particular concern regarding the need for personal deterrence in light of his role in the offense and his prior history. Id. at 21:9-13. The Court appreciates Mr. Maldonado's reported self-reflection and remorse for his crime. Dkt. No. 645 at 10. The Court has reviewed the letters of support presented by Mr. Maldonado in connection with the application for compassionate release. Dkt. No. 646. Mr. Maldonado's family support is real; at the same time, it was a factor that the Court considered at the time of sentencing. Tr. 17:21-18:12. The facts presented by the defendant in his application do not alter the Court's evaluation of the 3553(a) factors as a whole. The Court does not believe that a reduction in the defendant's sentence is appropriate at this time.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to terminate the motion pending at Dkt. No. 645 and to mail a copy of this order to Mr. Maldonado.

☐ DENIED WITHOUT PREJUDICE because the defendant has not exhausted all administrative remedies as required in 18 U.S.C. § 3582(c)(1)(A), nor have 30 days lapsed since receipt of the defendant's request by the warden of the defendant's facility.

IT IS SO ORDERED.

Dated: New York, New York
May 16, 2021

_____
GREGORY H. WOODS
UNITED STATES DISTRICT JUDGE